UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Franklyn Dimun Garrison,

        Petitioner,                      Case Number: 21-cv-12769
                                                  Honorable Denise Page Hood

v.

Bryan Morrison,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S
MOTION FOR IMMEDIATE RELEASE (ECF No. 25)**

This matter is before the Court on Petitioner Franklyn Dimun Garrison's Motion for Immediate Release from Custody. On March 31, 2025, an Opinion and Order Conditionally Granting the Petition for Writ of Habeas Corpus and a Judgment were entered. (ECF Nos. 17, 18) Respondent filed a Notice of Appeal on April 30, 2025. (ECF No. 21) For the reasons set forth below, the Court denies the motion.

The Sixth Circuit clarified the difference between a conditional and an absolute grant of the writ of habeas corpus:

> In the first place, the sole distinction between a conditional and an absolute grant of the writ of habeas corpus is that the former lies latent unless and until the state fails to perform the established condition, at which time the writ springs to life. *See Smith v. Lucas,* 9 F.3d 359, 366–67 (5th Cir. 1993); *McQuillion v. Duncan,* 253 F.Supp.2d 1131, 1134 (C.D. Cal. 2003). District courts rightly favor conditional grants, which provide states with an opportunity to cure

their constitutional errors, out of a proper concern for comity among the co-equal sovereigns. "[C]ourts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court." *Hilton v. Braunskill,* 481 U.S. 770, 775, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). Absolute grants are therefore generally limited to situations where the nature of the error is simply incurable, such as a conviction under an unconstitutional statute. *See, e.g., Staley v. Jones,* 108 F.Supp.2d 777, 788 (W.D. Mich. 2000), *rev'd on other grounds,* 239 F.3d 769 (6th Cir. 2001). Conditional grants of writs of habeas corpus are final orders, *Phifer v. Warden, United States Pen., Terre Haute, Ind.,* 53 F.3d 859, 862 (7th Cir. 1995), exactly like absolute grants, and they ordinarily and ideally operate automatically, that is, without the need for the district court to act further.

Nevertheless, district courts retain jurisdiction to execute a lawful judgment when it becomes necessary. "If the state complies with its order, the petitioner will not be released; if the state fails to comply with its order, release will occur. Ordinarily, the only task that remains for the district court is the execution of judgment." *Ibid.* "A federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case. A state's failure to timely cure the error identified by a federal district court in its conditional habeas order justifies the release of the petitioner." *Satterlee v. Wolfenbarger,* No. 03–71682–DT, 2005 WL 2704877, at *2, 2005 U.S. Dist. LEXIS 25874, at *6 (E.D. Mich. Oct. 19, 2005) (internal citations omitted) (vacating petitioner's conviction), *aff'd in part,* 453 F.3d 362 (6th Cir.2006). *See also Santos–Rosario v. Renico,* 05–CV–70456, 2006 WL 847111, at *1–2, 2006 U.S. Dist. LEXIS 14074, at *3–4 (E.D. Mich. March 30, 2006) (denying writ even though the state failed to comply with the precise terms of the district court's conditions because the state had substantially complied with the conditions). On the other hand, when a state meets the terms of the habeas court's condition, thereby avoiding the writ's actual issuance, the habeas court does not retain any further jurisdiction over the matter. *Pitchess v. Davis,* 421 U.S. 482, 490, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975) (per curiam) (noting "[n]either Rule 60(b), 28 U.S.C. § 2254, nor the two read together, permit a federal habeas court to maintain a continuing supervision over a retrial conducted pursuant to a conditional writ granted by the habeas court.").

*Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006). In its Order granting a conditional writ, the Court stated that,

> UNLESS THE STATE TAKES ACTION TO AFFORD PETITIONER A NEW TRIAL WITHIN NINETY (90) DAYS OF EITHER THE DATE OF THIS OPINION *OR* THE DATE WHEN ANY APPELLATE REVIEW BECOMES FINAL, WHICHEVER DATE IS LATER, RESPONDENT IS ORDERED TO RELEASE PETITIONER FROM CUSTODY IMMEDIATELY THEREAFTER IF RESOLVED IN PETIITONER'S FAVOR.

(ECF No. 17, PageID.2157) Here, Respondent filed a Notice of Appeal. At this time, Respondent has not failed to comply with the Court's conditional writ since the matter is on appellate review and such review is not final. "If the state complies with its order, the petitioner will not be released; if the state fails to comply with its order, release will occur." *Gentry*, 456 F.3d at 692. Because Petitioner has not shown that Respondent failed to comply with the Court's grant of conditional writ, Petitioner's motion for immediate release is denied.

Accordingly,

IT IS ORDERED that the Moton for Immediate Release from Custody filed by Petitioner Franklyn Dimun Garrison **(ECF No. 25)** is DENIED without prejudice.

s/Denise Page Hood<br>
DENISE PAGE HOOD<br>
United States District Judge

Dated: June 5, 2025